WRITTEN RECORD OF PLEA AGREEMENT
U.S. MAGISTRATE JUDGE
FLAGSTAFF, ARIZONA

CASE NO.: CR-19-08226-001-PCT-CDB

UNITED STATES OF AMERICA v. **TAYLOR MANUEL JONES**

**VIOLATION(S) PLEADING GUILTY TO:**
**Count 1 of the Information:** Assault on Federal Law Enforcement Officers, in violation of 18 U.S.C. § 111(a)(1), a Class A Misdemeanor.

MAXIMUM FINE (18 U.S.C. § 3571): $100,000.00
MAXIMUM IMPRISONMENT (18 U.S.C. § 3581): One year
MAX. PROBATION/SUPERVISED RELEASE (18 U.S.C. §§ 3561, 3583): Five Years' Probation/One Year Supervised Release
MANDATORY SPECIAL ASSESSMENT (18 U.S.C. § 3013): $25.00

SENTENCING GUIDELINES RECOMMENDATIONS. The parties recommend to the Court, pursuant to Fed. R. Crim. P. 11(c)(1)(B), the following United States Sentencing Guidelines calculations for Count 1 of the Information:
   Total Offense Level: 10 (base) + 3 (physical contact) - 2 (acceptance) = 11
   U.S.S.G. § 2A2.4(a)
   Criminal History Category: I
   Imprisonment Range: 8 to 14 months (statutory max. of one year)
   Supervised Release Range: 1 year
   Fine Range: $4,000.00 to $20,000.00

**RULE 11(c)(1)(C), Fed. R. Crim. P., Stipulated Sentence:**
The defendant shall be sentenced to three years of supervised probation. In addition to the mandatory and standard conditions of supervised probation set forth in General Order 17-18, as well as any terms of supervised probation that the Court deems appropriate, the defendant: (1) shall have no contact with the victims of the assault, with the exception of any contact within the officers' scope and duties as law enforcement officers; (2) shall be banned from the Northern Arizona VA Health Care System facilities and grounds, 500 Hwy 89N, Prescott, Arizona, for the duration of his probation; (3) shall participate in mental health treatment/counseling, including taking all prescribed medications, as directed by his Probation Officer; (4) shall pay restitution (if any) to the victims of the assault in an amount to be determined but capped at $5,000.00 for each officer; and (5) shall be subject to the

1

following search condition – "You shall submit your person, property, house, residence, vehicle, papers, or office, to a search conducted by a probation officer. Failure to submit to a search may be grounds for revocation of probation. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition." Fine, in addition to the mandatory special assessment of $25.00, in the discretion of the Court but capped at $1,000.00.

**RESTITUTION:** The defendant shall pay restitution to the victims of the assault (if any) in an amount to be determined but capped at $5,000.00 for each officer (with a cap of $10,000.00 total in restitution). Restitution, if any, shall be determined within 90 days of sentencing.

**DISPOSITION OF ADDITIONAL CHARGES:** If the plea and stipulated sentences are accepted by the Court, the United States Attorney's Office agrees: (1) not to file any additional charges against the defendant concerning his conduct set forth in the probable cause statements supporting citations 9176427 and 9176428 (A13); (2) dismiss citations 9176427 and 9176428 (A13) to the extent they are still pending; and (3) not refer the matter to the state or local authorities for prosecution. Nothing in this agreement prohibits the United States from providing any information to any state or local entities if so requested.

**VICTIM(S) INFORMED OF AGREEMENT:** Yes.

**ELEMENTS OF OFFENSE(S):** On or about August 11, 2019, within the District of Arizona:

> The defendant forcibly assaulted a federal officer or employee; and the defendant did so while the federal officer or employee was engaged in, or on account of, his or her official duties. 18 U.S.C. § 111(a)(1).

**FACTUAL BASIS.** I admit that the following facts are true and correct to the best of my knowledge and belief:

> On or about August 11, 2019, at about 3:38 a.m., in the Veterans Administration (VA) premises in Prescott, Arizona, Yavapai County, in the District of Arizona, I, Taylor Manuel Jones, attacked and threatened a male VA police officer (J.P.) and a female VA police officer (K.S.) while I was intoxicated. I hit J.P. on the face with my fists/hands, and I verbally threatened K.S. with harm and

>acted in a disorderly fashion. In doing so, I told K.S. repeatedly to "shoot me," and I told J.P. that I would fuck him up. I admit that I failed to follow the officers' repeated commands.
>
>I admit that the VA police officers were in uniform and had law enforcement badges on their uniforms. I admit that Officers J.P. and K.S. were federal law enforcement officers at the time of the incident, and that they were engaged in and on account of their official duties at the time of the assault.
>
>I hereby plead guilty to the charges set forth above in this plea agreement.

The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

I have carefully reviewed every part of this statement with my attorney. I understand it, and I voluntarily agree and enter into it.

I, **Taylor Manuel Jones**, understand that the above sentencing provision is binding upon the Court if the Court accepts my guilty plea under this plea agreement.

By pleading guilty, I will be giving up my rights to plead not guilty; to confront, cross-examine and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting

my privilege against self-incrimination – all with the assistance of counsel – and to be presumed innocent until proven guilty beyond a reasonable doubt. I understand that pleading guilty may have consequences with respect to immigration status to the extent that I am a recently naturalized United States citizen or not a citizen of the United States.

I waive my right to trial, agree to enter my plea before and to be sentenced by a U.S. Magistrate Judge, and waive any right to appeal or otherwise challenge my conviction. In particular, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment, the complaint, the information, or the citation; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including (but not limited to) any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel (if applicable) or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

The nature of the charge(s) and the possible penalties have been explained to me, and I agree that there is a factual basis for each charge to which I am pleading guilty. I understand that the Court may later modify the terms and conditions of any probation or supervised release ordered as part of my sentence. I further understand that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines (to the extent applicable), the factors set forth in 18 U.S.C. § 3553, and any stipulations set forth in this plea agreement. I further understand and agree that (to the extent applicable) any recommended Sentencing Guidelines Calculations are not binding on the Court.

My guilty plea is not the result of force, threats, or promises other than any promises contained in this written agreement.

//////

[ ] **The parties request that a presentence investigation and report be conducted in this matter.**

[X] **The parties do <u>not</u> request that a presentence investigation and report be conducted in this matter. Pursuant to Rule 32(c)(1)(A)(ii) of the Federal Rules of Criminal Procedure, the parties believe sufficient information exists in the record to enable that Court to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553.**

I am not currently under the influence of alcohol or any other intoxicants, and I am fully capable of understanding this agreement and enter it voluntarily.

_____     9/18/19
Taylor Manuel Jones             Date
Defendant

_____     9/18/19
Luke Mulligan, AFPD             Date
Attorney for Defendant

_____     9/18/19
Paul V. Stearns                 Date
Assistant U.S. Attorney

_____     9/18/19
Camille D. Bibles               Date
U.S. Magistrate Judge

✓ ACCEPTED    _____ REJECTED